W. H. DINGUID ET AL *v.* E. CURD'S EXORS.

Constable's Bond—Allegations in Petition as to Liability—Sureties.

> A petition, on a constable's bond, for liability for dereliction, must specify each debt, and the reason of the liability therefor, whether because of its loss by reason of his non-performance of duty, or whether collected and failure to pay the amount over.

APPEAL FROM CALLOWAY CIRCUIT COURT.

February 26, 1870.

OPINION OF THE COURT BY JUDGE WILLIAMS:-

This is a suit on a constable's bond against appellants as his securities with the averment that said constable was elected to said office and executed said bond June 1, 1859, whilst the receipt for the collection of the debts bears date of April 1, 1859, or two months previous to the date of the bond. There is no averment that Clayton, when he executed said receipt was a constable, and subsequently, and before he collected the debts, was re-elected and that he then had said debts in his hands as such constable when he executed said bond, sued on and by reason of the non-performance of his official duties, said debts remained uncollected, and had been lost, or that he had collected the same and failed to pay over to said plaintiffs.

The averment should specify each debt and the reason of the constable's liability therefor, and whether because of its loss by

reason of his non-performance of duty and failure to collect whilst the debtor was solvent, etc., or whether the debt had been collected by him, which he had failed to pay over.

Even by the most liberal intendment, the essential facts to make these securities liable are not averred, hence, no cause of action is shown whereon to predicate a judgment by default. Wherefore, the judgment is reversed, with directions to allow the plaintiff to amend his pleadings, should he offer to do so within reasonable time.

*Holt,* for appellant.

*Bush,* for appellee.